1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NORMAN JOHN CRAIG,                        No.  2:21-cv-01622 JAM DB P

12                    Plaintiff,

13          v.                                 ORDER

14   EL DORADO COUNTY SHERIFF, et al.,

15                    Defendants.

16

17          Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that his constitutional rights were violated when "he was

19   unlawfully detained under false pretenses."  (ECF No. 1 at 1.)  Before the court is plaintiff's

20   complaint for screening.  (See ECF No. 1)  For the reasons stated below, the complaint will be

21   dismissed with leave to amend.  Additionally, plaintiff's motion to amend (ECF No. 3) and

22   motion to proceed in forma pauperis (ECF No. 7) will be granted.

23                              **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  (ECF No. 7.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

26   granted.

27          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

28   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1 | accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2 | the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3 | forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4 | of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5 | These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7 | 1915(b)(2).

8 | **MOTION TO AMEND THE COMPLAINT**

9 | Plaintiff has requested to amend his complaint to alter the damages requested in the

10 | complaint.  (ECF No. 3.)  Specifically, plaintiff has requested to amend his complaint to replace

11 | page six of the original complaint with a new page containing greater damages.  (Id.)  As

12 | plaintiff's complaint has not yet been screened or served, plaintiff may amend his complaint

13 | without leave of the court.  See Fed. R. Civ. P. 15(a)(1).  Accordingly, plaintiff's motion to

14 | amend the complaint will be granted and his original complaint will be considered with the new

15 | page six as opposed to the originally included page.

16 | **SCREENING**

17 | **I.      Legal Standards**

18 | The court is required to screen complaints brought by prisoners seeking relief against a

19 | governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

20 | 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

21 | that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

22 | granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

23 | U.S.C. § 1915A(b)(1) & (2).

24 | A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

26 | Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

27 | indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

28 | 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

1   pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of

2   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

3   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

4   the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

5   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

6        However, in order to survive dismissal for failure to state a claim a complaint must

7   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

8   factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

9   550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

10  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

11  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

12  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13       The Civil Rights Act under which this action was filed provides as follows:

14          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
15      of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
16      or other proper proceeding for redress.

17  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

18  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

19  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

20  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

21  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

22  an act which he is legally required to do that causes the deprivation of which complaint is made."

23  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

25  their employees under a theory of respondeat superior and, therefore, when a named defendant

26  holds a supervisorial position, the causal link between him and the claimed constitutional

27  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

28  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

1   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

2   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3      **II.      Linkage Requirement**

4       Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

5   that each defendant personally participated in the deprivation of his rights.  See Jones v.

6   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

7   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

9   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

10      Government officials may not be held liable for the actions of their subordinates under a

11   theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

12   Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

13   liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

14   violated the Constitution through his own individual actions by linking each named defendant

15   with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

16   Id.

17      **III.     Allegations in the Complaint**

18       In his amended complaint, plaintiff claims that his constitutional rights were violated

19   when he was "imprisoned under false pretenses" on two separate occasions.  (ECF No. 1 at 2.)

20       Plaintiff alleges the following: on an unspecified date, he was falsely charged with

21   attempted murder and kept in custody for fifteen months without bail.  (Id.)  During this time

22   plaintiff's father died of lung cancer "hastened by his only son being imprisoned under false

23   pretenses."  (Id.)  Some amount of time after plaintiff's father's death, plaintiff was found not

24   guilty at jury trial.  (Id.)  Plaintiff was again falsely imprisoned in April 2020 and held without

25   bail for 120 days.  (Id.)  "[Plaintiff] was kidnapped by athorities [sic], falsely imprisoned for 120

26   days by Judge Mark Ralphs without probable cause…."  (Id. at 4.)  During this period, plaintiff's

27   mother, who had cancer, died in part due to the "compounded stress of the realization, due to

28   guilt, and no visiting at jail, she would never see her only son…ever again."  (Id. at 5.)

Plaintiff states that "this is a municipal liability action pursuant to Monell vs City of Canton, Ohio." (Id.)  Plaintiff names as defendants the County of El Dorado, the El Dorado County Sheriff, and Marshall Medical Center.  (Id. at 1.)

## IV.   Does Plaintiff State a Claim under § 1983?

Plaintiff has not alleged sufficient facts to state a claim under § 1983 as to the first incident of alleged imprisonment under false pretenses.  The complaint states that this action is a municipal liability claim as described in Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).  (ECF No. 1 at 5.)[1]

In order to state a Monell claim, plaintiff must show that the municipality's policy or custom caused the alleged constitutional injury.  See Leatherman v. Tarrant County Narc. Intell. and Coord. Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694.  A municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.; Monell, 436 U.S. at 690-94 (plaintiff must show the constitutional injury was caused by employees acting pursuant to the municipality's policy or custom); Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

The complaint contains no allegations regarding the policies or customs of El Dorado County that resulted in plaintiff's rights being violated.  (See ECF No. 1.)  As such, it fails to allege sufficient facts to state a Monell claim.  To the extent plaintiff seeks to make additional claims against individual defendants, plaintiff has not named any such defendants.  In order to satisfy the linkage requirement, plaintiff must identify the individual actions of each named defendant that violated or contributed to violating plaintiff's rights.  Iqbal, 556 U.S. at 676.  As such, plaintiff has not alleged sufficient facts to state a claim.  Given that plaintiff may be able to state a claim, he will be given the opportunity to file an amended complaint.

---

[1] Plaintiff mistakenly identifies Monell, 436 U.S. 658 as "Monell vs. City of Canton, Ohio". (ECF No. 1 at 5.)  This appears to be only a minor confusion between Monell and the related case City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989).  Regardless, plaintiff's stated intent to bring a Monell claim is clear.

Though plaintiff's complaint will be dismissed with leave to amend, the court also notes that plaintiff's case may involve ongoing criminal proceedings.  (See ECF No. 3 at 3) ("dismiss with prejudice Mr. Craig's current criminal case #P21CRF0213").  In any amended complaint, plaintiff should be sure to specify what state criminal proceedings are ongoing and, if any have been resolved, the nature of the disposition of those cases.  Plaintiff is warned that pursuant to Younger v. Harris, 401 U.S. 37 (1971), the court must abstain from interfering with ongoing state criminal proceedings.

## AMENDING THE COMPLAINT

This court finds above that plaintiff has alleged sufficient facts to state a claim.  Plaintiff will be given leave to file an amended complaint.  If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

6

1  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

2  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

3  　　In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

4  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

5  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7  　　The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

8  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11  set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

12  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

13  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14  　　An amended complaint must be complete in itself, without reference to any prior pleading.

15  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

16  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

17  evidentiary support for his allegations, and for violation of this rule, the court may impose

18  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to amend the complaint (ECF No. 3) is granted.

4. The complaint (ECF No. 1) is dismissed with leave to amend as it fails to state a cognizable claim.

5. Plaintiff is granted forty-five days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: July 19, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/crai1622.scrn.lta

8