UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY SHERIFF, et al.,<br><br>Defendants. | No. 2:21-cv-01622 DAD DB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated when defendants subjected him to false arrest and malicious prosecution. (ECF No. 15.) Before the court is plaintiff's First Amended Complaint ("FAC") for screening. (See ECF No. 15) For the reasons stated below, the FAC will be dismissed with leave to amend.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2   U.S.C. § 1915A(b)(1) & (2).
3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
9   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
13        However, in order to survive dismissal for failure to state a claim a complaint must
14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
20        The Civil Rights Act under which this action was filed provides as follows:
21
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
22
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
23
> or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
27  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
28  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the FAC

Plaintiff states that the violations of plaintiff's rights occurred in Placerville, California. (ECF No. 15 at 1.) Plaintiff names as defendants the County of El Dorado, Sheriff John D'Agostini, District Attorney R. Pierson, and Public Defender Teri Marie Monterosso. (Id. at 2.)

In the complaint, plaintiff asserts a large number of facts. However, the following allegations are clearly stated in plaintiff's complaint: In June 2013, plaintiff was charged with attempted murder but subsequently acquitted "after 15 minutes of jury deliberation." (Id.) Plaintiff has also been "falsely arrested and imprisoned about ten times" since 2010. (Id. at 4.) Some of these times included in the complaint include charges where plaintiff was "convicted of resisting false arrest" and "forced to accept 1 year in jail." (Id.) Plaintiff is "now falsely imprisoned again for 16 months" (id.) based on a "falsified, perjured document" (id. at 5).

Plaintiff states that he seeks relief in the form of "dismissal of all current charges", a restraining order against defendants, a finding that El Dorado County failed to adequately train and supervise deputies, and monetary damages totaling one million dollars ($1,000,000).

## III. Habeas is the Only Method of Challenging a State Court Conviction

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). A habeas corpus petition is the proper mechanism for a prisoner to use to

3

contest the legality or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  By contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Additionally, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." 394 F.3d 689, 695 (9th Cir. 2005) (quotation omitted).  "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'"  Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

In the complaint, plaintiff raises claims that involve a number of prior convictions.  As stated above, habeas is the sole avenue for challenging a state court conviction.  See Preiser, 411 U.S. at 485; Badea, 931 F.2d at 574.  Thus, this case may not proceed as a civil rights action while including these claims.  Additionally, and as stated above, plaintiff's claims are likely barred by Heck as plaintiff has not presented any evidence that indicates these convictions have been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") The requested relief sought and the nature of plaintiff's claims mean that if plaintiff were successful, it would inherently call into question the validity of these convictions. Beets, 669 F.3d at 1042.

It does seem plaintiff may wish to bring a claim specifically related to the June 2013 case in which he was arrested, charged, and ultimately acquitted. (ECF No. 15 at 3.) As this claim does not relate to a case in which plaintiff has been convicted and sentenced, it is theoretically possible for him to state a claim related to these events. However, on screening, plaintiff has not alleged sufficient facts to state a cognizable claim. Plaintiff's claim essentially appears to be a malicious prosecution claim. To prevail on a § 1983 claim of malicious prosecution, the plaintiff must show that the defendant prosecuted plaintiff: (1) with malice; (2) without probable cause; and (3) "'[f]or the purpose of denying [plaintiff] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) ); see also Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009)("[p]robable cause is an absolute defense to malicious prosecution"). Plaintiff has not alleged any facts that meet this required showing.

In accordance with the above, plaintiff's complaint will be dismissed with leave to amend. On an amended complaint, plaintiff must only focus on claims that are not barred by Heck as described earlier. Additionally, the court previously noted that plaintiff's claims may involve ongoing criminal proceedings. In any amended complaint, plaintiff should be sure to specify what state criminal proceedings are ongoing and, if any have been resolved, the nature of the disposition of those cases. Plaintiff is again warned that pursuant to Younger v. Harris, 401 U.S. 37 (1971), the court must abstain from interfering with ongoing state criminal proceedings.

////
////
////
////

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint (ECF No. 15) is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district as well as a copy of the form for an application to proceed in forma pauperis by a non-prisoner.

Dated: March 29, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/crai.scrn_lta(2)